# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

FILED

2011 MAY 19 P 1:33

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| Sonja Hahnel<br>Plaintiff, Pro Se'<br><br>V.<br><br>SHECHTMAN HALPERIN SAVAGE, LLP)<br>Defendant<br>GMAC, INC a/k/a ALLY FINANCIAL, INC.)<br>SYNERGETIC COMMUNICATIONS, INC)<br>DOES 1-12)<br>Co-Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No:** 3:11CV825CFD<br><br>**Civil Rights Complaint**<br><br>**Civil Rights Violations**<br><br>**Trial By Jury Demanded** |

**MAY 5, 2011**

## PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE FAIR CREDIT REPORTING ACT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Sonja Hahnel and hereby respectfully submits her Complaint for violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. At all times hereinafter mentioned, The Plaintiff was and still is a resident of New London County, State of Connecticut. From here on Sonja Hahnel, will be known as the Plaintiff. Plaintiff respectfully submits Plaintiffs Statement of Claim and Statement upon Which Relief Can Be Granted.

## Statement of Claim

This is a civil action seeking relief and damages and to defend and protect the rights guaranteed by the Constitution of the United States.

1

Plaintiff reserves the right to amend this complaint to add additional Defendants as they become evident, Does 1 through 10.

**Comes now** the Plaintiff Sonja Hahnel :

Plaintiff's Complaint is based on the Fair Credit Reporting Act *15 U.S.C. § 1681 et seq*. (FCRA) and the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* (FDCPA). At all times hereinafter mentioned, The Plaintiff is a resident of New London County, State of Connecticut. From here forward, Sonja Hahnel will be known as the Plaintiff.

**Jurisdiction and Venue**

Jurisdiction of this court arises pursuant to *15 U.S.C. §1681(p)* and *15 U.S.C. §1692k(d)* and which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy." The Defendant, SHECHTMAN HALPERIN SAVAGE, LLP is a third party debt collector and conducts business in the state of Rhode Island, is located at 1080 Main Street, Pawtucket, R I 02860, and as such is governed under the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.*(DCPA)

Plaintiff brings this action as to how, in fact, an alleged account was or was not validated, the continued collection activities and wrongful actions of Defendants, in spite of having never provided proof of an alleged account to the Plaintiff in the attempted collection of the alleged account, and as such having violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq*.

The Defendant is a 3rd party debt collector, as such is governed under the law by The Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. Section §1601, *et seq.* The

2

FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor or alleged debtor and any false, deceptive or misleading statements. It also requires debt collectors to give debtors or alleged debtors certain information.

The Co-Defendant GMAC, INC. has, as of May 10, 2010 apparently been re-branded as ALLY FINANCIAL, INC., et al. an additional Co-Defendant, which conducts business in the state of Michigan and is headquartered at 200 Renaissance Center, Detroit, Michigan, 48265-2000 and they are licensed to do business in the State of Michigan. As such these Co-Defendants(s) are governed under the law by Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.* GMAC, INC. a/k/a ALLY FINANCIAL, INC., et al. is a Credit Lender as such is governed under the law by The Fair Credit Reporting Act 15 USC *§1681 et seq.* and also reports these accounts to the national credit reporting agencies, i.e. Trans Union, Equifax, Experian and Innovis. The State of Connecticut abides by and adheres to these laws, specifically the Fair Credit Reporting Act *15 USC §1681, et seq,* thus establishing the jurisdiction of this Honorable Court.

The Co-Defendant, SYNERGETIC COMMUNICATIONS, INC is a 3rd party debt collector, conducts business in the state of Texas, is located at 5450 N.W. Central #1000, Houston, TX 77092, and as such is governed under the law by The Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. Section §1601, *et seq.* The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor or alleged debtor and any false, deceptive or misleading statements. It also requires debt collectors to give debtors or alleged debtors certain information.

The Plaintiff brings this action as to how, in fact, an alleged account was or was not reported correctly, Co-Defendant(s) GMAC, INC. a/k/a ALLY FINANCIAL, INC.,

reported erroneous and inaccurate information in the Plaintiffs Credit reports and failed to provide proof of the alleged account, and how the wrongful actions of the Defendants, in their continued collection activities, and Co-Defendant(s) in the credit reporting of the alleged account, <u>violated the civil rights</u> of the Plaintiff and the law as outlined in the Fair Credit Reporting Act 15 USC §1681, *et seq.* and the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq*

The State of Connecticut abides by and adheres to these laws, thus establishing the jurisdiction of this Honorable Court, specifically section 813 of the FDCPA and section 618 of the FCRA. The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant.

**<u>Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged or so-called debt is not in question here. The issue at hand it is as to how an alleged claim was or was not validated, the wrongful actions of the Defendants in an attempt to collect, and to the credit reporting of the alleged or so-called debt, as Defendants violated the civil rights of the Plaintiff and the law, as outlined in the Debt Collection Practices Act, 15 USC §1692,*et seq*. and the Fair Credit Reporting Act 15 USC §1681, *et seq*.</u>**

**Preliminary Statement**

Plaintiff brings this action for damages based upon Defendants, SHECHTMAN HALPERIN SAVAGE, LLP for violations of the Fair Debt Collection Practices Act *15 U.S.C. §1681, et seq*; continued collection activity without providing proof of an alleged account and failure to provide proof of the alleged account.

4

Plaintiff brings this action for damages based upon Co-Defendant(s)' violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. ("FCRA"); reporting erroneous and inaccurate information in the Plaintiff's Credit Report and for willful and negligent non-compliance.

GMAC, INC. a/k/a ALLY FINANCIAL, INC. is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), (n) & (o) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

1. On or about December 12, 2009, Plaintiff received a letter from a SYNERGETIC COMMUNICATIONS, INC., 5450 N.W. Central #1000, Houston, TX 77092, demanding money by December 22, 2009 from Plaintiff, and mentioning "Re: GMAC".

2. On January 27, 2010, Plaintiff sent a letter disputing the claim of any alleged debt to Defendant, GMAC, INC., P.O. Box 380902, Bloomington, MN 55438, this being the address GMAC, INC. lists in Plaintiff's credit report to send dispute, by U.S. Certified Mail #7008 1830 0004 5221 7750, which letter was received by Co-Defendant, GMAC, INC. on February 1, 2010. (See Exhibit A). As of this date, Plaintiff still has not received competent evidence and legal validation of any alleged debt purported by this Co-Defendant.

3. On January 27, 2010, Plaintiff also sent a letter disputing any such alleged debt and also demanding, in writing, validation of any alleged debt to Co-Defendant, SYNERGETIC COMMUNICATION, INC., by U.S. Certified Mail #7008 1830 0004 5221 7767, which letter was received by SYNERGETIC COMMUNICATIONS, INC. on February 1, 2010. (See Exhibit B). As of this date, Plaintiff still has not received any competent evidence nor legal validation of any alleged debt and to this date

5

Plaintiff has never received any further communication from this Co-Defendant.

4.    On February 11, 2010, Plaintiff sent a letter, disputing derogatory information being reported in Plaintiff's credit report by Co-Defendant, GMAC, INC., to TransUnion Credit Reporting Agency, by U.S. Certified Mail #7008 1830 0004 5222 3232, which letter was received by TransUnion on February 18, 2010.  (See Exhibit C).

5.    On February 11, 2010, Plaintiff sent a letter, disputing derogatory information being reported in Plaintiff's credit report by Co-Defendant, GMAC, INC., to Equifax Credit Reporting Agency, by U.S. Certified Mail #7008 1830 0004 5222 3119, which letter was received by Equifax on February 17, 2010.  (See Exhibit C).

6.    On February 11, 2010, Plaintiff sent a letter, disputing derogatory information being reported in Plaintiff's credit report by Co-Defendant, GMAC, INC., to Experian Credit Reporting Agency, by U.S. Certified Mail #7008 1830 0004 5222 3102, which letter was received by Experian on February 16, 2010.  (See Exhibit C).

7.    On or about February 27, 2010, Plaintiff received a statement from TransUnion Credit Reporting Agency, which statement was dated February 20, 2010, and indicated that Defendant, GMAC, INC. had not marked Plaintiff's alleged account in dispute, as required by law.  This statement from TransUnion also indicated that Defendant, GMAC, INC. was showing on Plaintiff's credit report, "payment after charge-off", was showing a "balance: $0" and "date closed: 9/2008," as well as showing, "GMAC Item Deleted."

8.    On or about March 2, 2010, Plaintiff received a statement from Equifax Credit

6

Reporting Agency, which statement was dated February 25, 2010, and indicated that Co-Defendant, GMAC, INC. had not marked Plaintiff's alleged account in dispute, as required by law. This statement from Equifax also indicated that Co-Defendant, GMAC, INC. was showing on Plaintiff's credit report as open acct, that it had also been "charged-off account", showing a "balance amount: $0", "amount past due: $0", and also in regard to GMAC, INC., Equifax stated "This item has been deleted from the credit file."

9.     On or about March 9, 2010, Plaintiff received a statement from Experian Credit Reporting Agency, which statement was dated March 2, 2010, and indicated that Co-Defendant, GMAC, INC. had not marked Plaintiff's alleged account in dispute, as required by law. This statement from Experian also indicated that Defendant, GMAC, INC. was showing on Plaintiff's credit report "open account", "Account charged off" & "Written off as of December 2008", as well as showing, "$0 balance as of Dec 2008."

11.    On or about September 20, 2010, Plaintiff received an unsigned letter, dated September 13, 2010, from Defendant, SHECHTMAN HALPERIN SAVAGE, LLP, demanding that Plaintiff "MAKE PAYMENTS DIRECTLY TO OUR PAWTUCKET OFFICE" and also stating that "no attorney with this firm has reviewed the particular circumstances of this account."

11.    On September 21, 2010, Plaintiff sent by U.S. Certified Mail #7009 2820 0001 0315 5102, a letter to Defendant SHECHTMAN HALPERIN SAVAGE, LLP, 1080 Main Street, Pawtucket, R I 02860, which letter was received by Defendant on September 24, 2010, demanding, in writing, validation of any alleged debt by Defendant,

7

and also disputing such claim. (See Exhibit A.) As of this date, Plaintiff still has not received competent evidence and legal validation of any alleged debt from Defendant.

12. On Tuesday, April 5, 2010, Plaintiff received a Complaint and Summons from Defendant, SHECHTMAN HALPERIN SAVAGE, LLP, signed by Joseph F. Agnelli III, also certified by Victor Shapiro and bringing action against Plaintiff in the name of GMAC, INC., in spite of having never provided Plaintiff with ANY competent evidence nor legal validation of their alleged claim from Defendant.

13. On May 5, 2011, Plaintiff receives from Defendant, SHECHTMAN HALPERIN SAVAGE, LLP a notice, dated April 13, 2011, that they wish to "substitute" a new alleged claimant against Plaintiff and moves to "substitute" Co-Defendant "ALLY FINANCIAL, INC" as the new claimant against Plaintiff. Plaintiff has never heard of, nor has ever received any communication from, nor has ever done any business whatsoever with anyone associated with Co-Defendant, ALLY FINANCIAL, INC. Defendant, SHECHTMAN HALPERIN SAVAGE, LLP also claim in this notice, dated April 13, 2011, but filed against Plaintiff on May 4, 2011 and received by Plaintiff on May 5, 2011, that: "GMAC, INC, a business entity having a principal place of business at 2911 Lake Vista Drive, Lewisville, TX 75067, represents that *since the commencement of the action [against Plaintiff in the name of GMAC, INC]*, GMAC, INC. has changed its name to Ally Financial, Inc. F/k/a GMAC Inc." Defendant SHECHTMAN HALPERIN SAVAGE, LLP commenced action against Plaintiff on April 19, 2011.

Plaintiff now discovers that Co-Defendant GMAC, INC., after having received the Certified dispute letter from Plaintiff on February 1, 2010, after failing to mark in dispute

8

the alleged accounts that appear on Plaintiff's three credit reports, as required by law, and continued derogatory reporting in Plaintiff's three credit reports as "GMAC, INC", Co-Defendant, GMAC, INC. announced that it re-branded itself as Ally Financial, Inc. on May 10, 2010. (See Exhibit D). Co-Defendant GMAC, INC, as of today's date, currently shows in Plaintiff's three credit reports as "GMAC, INC."

According to the GMAC, INC. United States SEC Form K-8 filings on January 5, 2010, GMAC, INC lists their address of principal executive offices as "200 Renaissance Center, P.O. Box 200, Detroit, Michigan 48265-2000." (See Exhibit E). This is the exact same address that Co-Defendant, ALLY FINANCIAL, INC. lists as their principal executive office. (See Exhibit F.)

Plaintiff however notes that, in their recent court filing of May 4, 2011, the address of "2911 Lake Vista Drive, Lewisville, TX 75067," purported by Defendant SHECHTMAN HALPERIN SAVAGE, LLP as being that of the "GMAC, INC." that brought action against Plaintiff on April 19, 2011, neighbors that of SYNERGETIC COMMUNICATIONS, INC., 5450 N.W. Central #1000, Houston, TX 77092. Plaintiff re-iterates #3 of this Complaint: "On January 27, 2010, Plaintiff also sent a letter disputing the claim of any such alleged debt and also demanding, in writing, validation of any alleged debt to SYNERGETIC COMMUNICATION, INC., by U.S. Certified Mail #7008 1830 0004 5221 7767, which letter was received by SYNERGETIC COMMUNICATIONS, INC. on February 1, 2010. (See Exhibit A). As of this date, Plaintiff still has not received any competent evidence nor legal validation of any alleged debt, and in fact, to this date, Plaintiff has never received any further communication

9

from this Co-Defendant."    In addition to this, Plaintiff has discovered, on Bloomberg

Business Week, Co-Defendant ALLY FINANCIAL, INC, that "Synergy Brand" was

"put into Private Placement on November 15, 2010" and "Synergy Brand", headquarted

in Texas, filed for "bankruptcy on January 15, 2011." (See Exhibit C.)   Plaintiff requests

that this Honorable Court move to Rule 26F discovery to determine if Defendant

SHECHTMAN HALPERIN SAVAGE, LLP misrepresents to the Court and to Plaintiff

both the principal address of GMAC, INC and the chronological order of events and

status of an alleged name change of Co-Defendant, GMAC, INC. in their filing of the

above statement in the name of GMAC, INC. against Plaintiff, with the Honorable Court.


        Despite all of this, as of this date, Defendant and all Co-Defendants continue to

pursue collection activity against Plaintiff in regard to alleged and invalidated claims.

        As of this date, Co-Defendant, GMAC, INC. a/k/a ALLY FINANCIAL, INC. has

failed to mark in dispute this purported and alleged claim with any of the three major

credit reporting agencies:  Trans Union, Experian and Equifax; and is also reporting

erroneous and inaccurate information in the Plaintiff's credit report because this Co-

Defendant has not provided any proof nor evidence of any alleged debt.

        As of this date, Defendant and Co-Defendants continue to ignore Plaintiff's

requests/demands for proof, for validation, for evidence and continue to pursue collection

activity against Plaintiff in regard to this alleged and invalidated claim, in spite of no

validation, proof or evidence of any alleged debt ever having been provided to Plaintiff

by any Defendant or Co-Defendant.

        The Defendants and Co-Defendants have ignored ALL demands for proof, for

10

evidence, for validation, forcing Plaintiff to this action, requesting the intervention of this

Honorable Court.

Due to the harassment, oppression, the abuse and the unfair and unconscionable

practices conducted by Defendant in the unfounded, invalidated and continued collection

activities by Defendant and Co-Defendants, in spite of their failure to validate or to prove

any alleged debt, Plaintiff has incurred much in personal damages. Also, in the absence

of any proof or validation of any alleged debt, and Co-Defendants' failure to mark such in

dispute, Plaintiff has also incurred and continues to incur damages to her credit.

## VIOLATIONS

*COUNT 1*

### *PURSUANT TO VIOLATION OF 15 USC 1692e § 807(b)*
### *DEFENDANT SHECHTMAN HALPERIN SAVAGE, LLP OVERSHADOWED IN ITS*
### *COLLECTION LETTER TO PLAINTIFF, DATED SEPTEMBER 13, 2010, WHICH*
### *LETTER WAS RECEIVED BY PLAINTIFF ON SEPTEMBER 20, 2010*

**The Law: Section**

**§809*(b)*** If the consumer notifies the debt collector in writing within the thirty-day period described in
subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and
address of the original creditor. the debt collector shall cease collection of the debt, or any disputed portion
thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and
address of the original creditor, and a copy of such verification or judgment, or name and address of the
original creditor, is mailed to the consumer by the debt collector. Collection activities and communications
that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a)
unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is
disputed or that the consumer requests the name and address of the original creditor. *Any collection*
*activities and communication during the 30-day period may not overshadow or be inconsistent with the*
*disclosure of the consumer's right to dispute the debt* or request the name and address of the original
creditor.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by
any court as an admission of liability by the consumer.

The original collection letter sent by Defendant SHECHTMAN HALPERIN
SAVAGE, LLP, dated September 13, 2010, demanded that Plaintiff: "MAKE
PAYMENTS DIRECTLY TO OUR PAWTUCKET OFFICE."

*This statement is expressly inconsistent with the consumer's right to demand validation*
*and to dispute the alleged debt, or request the name and address of the original creditor*

11

*within the mandated 30-day period, thus "overshadowing" against the "least sophisticated consumer," as outlined under FDCPA.*

### *PURSUANT TO VIOLATION OF 15 USC §1692e  FDCPA §807(b)*
### *COUNT 1 VIOLATIONS: $1000*
### *PLAINTIFF DEMANDS JUDGMENT FOR $1000.00*

**COUNT 2**

### *PURSUANT TO VIOLATION OF 15 USC §1692e  FDCPA §809(a)*
### *PLAINTIFF DEMANDS JUDGMENT FOR $1000.00*
### *FROM  DEFENDANT,  SHECHTMAN  HALPERIN  SAVAGE, LLP FOR FAILURE TO VALIDATE WITHIN FIVE DAYS OF INITIAL COMMUNICATION WITH PLAINTIFF*

**The Law: Section §809(a). Validation of debts**. **Within five days after the initial communication** with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*DEFENDANT, SHECHTMAN HALPERIN SAVAGE, LLP FAILED TO SEND A*

*WRITTEN NOTICE CONTAINING THE ELEMENTS OF VALIDATION OF ANY*

*ALLEGED DEBT WITHIN FIVE DAYS OF THE INITIAL COMMUNICATION WITH*

*PLAINTIFF.*

*The Defendant, SHECHTMAN HALPERIN SAVAGE, LLP failed to send written*

*validation in regard to any alleged and purported debt within five days of initial*

*communications, nor was legal validation of any debt ever sent to Plaintiff.*

### *PURSUANT TO VIOLATION OF 15 USC §1692e  FDCPA §809(a)*
### *COUNT 2 VIOLATIONS: $1,000*
### *PLAINTIFF DEMANDS JUDGMENT FOR $1000.00*

*COUNT 3*

## *PURSUANT TO VIOLATION OF 15 USC §1692  FDCPA §809(a) DEFENDANTS FAILED TO VALIDATE ANY ALLEGED DEBT. PLAINTIFF DEMANDS JUDGMENT FOR $1000.00 FROM DEFENDANT, SHECHTMAN  HALPERIN  SAVAGE , LLP*

**The Law: Section§809(a). Validation of debts.**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

 *Plaintiff filed a validation letter and/or letter of dispute with the Defendants.*

*Defendants and Co-Defendants are required to perform an investigation.*

*Plaintiff disputed the alleged debt and demanded debt validation by writing on or about*

*September 20, 2010, which letter was received, US Postal Certified Mail #700928200001*

**03155102,** *by Defendant SHECHTMAN HALPERIN SAVAGE on September 24, 2010.*

**DEFENDANT FAILED TO FURNISH PLAINTIFF WITH A WRITTEN NOTICE**

**CONTAINING THE ELEMENTS OF SECTION §809(a) VALIDATION OF DEBTS.**

**NEITHER DID DEFENDANT, AT ANY TIME, FURNISH PLAINTIFF WITH**

**COMPETENT LEGAL VALIDATION OR PROOF OF ANY DEBT.**

## *PURSUANT TO VIOLATION OF 15 USC §1692  FDCPA §809(a) COUNT 3 VIOLATIONS:  $1000.00 PLAINTIFF DEMANDS JUDGMENT FOR $1000.00*

COUNT 4

### PURSUANT TO VIOLATION OF 15 USC §1692e(2)(A)
### PLAINTIFF DEMANDS JUDGMENT FOR $1000.00
### FROM DEFENDANT, SHECHTMAN HALPERIN SAVAGE, LLP ,
### FOR PROVIDING FALSE AND MISLEADING INFORMATION

Defendant and Co-Defendants provided false and misleading information by failing

to provide competent evidence and legal validation of any alleged debt.

15 USC §1692e(2)(A): A debt collector may not use any false, deceptive, or

misleading *representation or means in connection with the collection of any debt.*

*Without limiting the general application of the foregoing, the following conduct is a*

*violation of this section:*

> *(2) The false representation of—*
> *(A) the character, amount, or legal status of any debt;*

*15 USC §1692j: (a) It is unlawful to design, compile, and furnish any form knowing*

*that such form would be used to create the false belief in a consumer that a person*

*other than the creditor of such consumer is participating in the collection of or in an*

*attempt to collect a debt such consumer allegedly owes such creditor, when in fact such*

*person is not so participating.*

> *(b) Any person who violates this section shall be liable to the same*

*extent and in the same manner as a debt collector is liable under section 813 for failure*

*to comply with a provision of this title.*

### PURSUANT TO VIOLATION OF 15 USC §1692e(2)(A)and 1692j
### COUNT 4 VIOLATIONS: $1000.00
### PLAINTIFF DEMANDS JUDGMENT FOR $1000.00

*COUNT 5*

*PURSUANT TO VIOLATION OF 15 USC §1692g(b)* **FDCPA §809(b)**
*DEFENDANT FAILED TO CEASE COLLECTION ACTIVITY ON DISPUTED AND*
*INVALIDATED DEBT.*
*PLAINTIFF DEMANDS JUDGMENT OF $1000.00 FOR CONTINUED COLLECTION*
*ACTIVITY FROM DEFENDANT, SHECHTMAN HALPERIN SAVAGE, LLP*
*REGARDING INVALIDATED AND ALLEGED CLAIM*

**The Law: Section §809(b)**
*If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor. the debt collector **shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt** or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or **name and address** of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. (c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer. (d) A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a). (e) The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986, title V of Gramm-Leach-Bliley Act, or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section*

*PURSUANT TO VIOLATION OF 15 USC §1692g(b)  FDCPA §809(b)*
*COUNT 5 VIOLATIONS:  $1000.00*
*PLAINTIFF DEMANDS JUDGMENT FOR $1000.00*

*COUNT 1*

*PURSUANT TO VIOLATION OF 15 USC §1692e  FDCPA §809(a)*
*PLAINTIFF DEMANDS JUDGMENT FOR $1000.00*
*FROM  CO-DEFENDANT,  SYNERGETIC COMMUNICATIONS, INC, FOR*
*FAILURE TO VALIDATE WITHIN FIVE DAYS OF INITIAL COMMUNICATION*
*WITH PLAINTIFF*

**The Law: Section §809(a). Validation of debts.  Within five days after the initial communication** with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

15

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

### *CO-DEFENDANT, SYNERGETIC COMMUNICATIONS, INC. FAILED TO SEND A*

### *WRITTEN NOTICE CONTAINING THE ELEMENTS OF VALIDATION OF ANY*

### *ALLEGED DEBT WITHIN FIVE DAYS OF THE INITIAL COMMUNICATION WITH*

### *PLAINTIFF.*

*The Co-Defendant, SYNERGETIC COMMUNICATONS, INC failed to send written*

*validation in regard to any alleged and purported debt within five days of initial*

*communications, nor was legal validation of any debt ever sent to Plaintiff.*

### *PURSUANT TO VIOLATION OF 15 USC §1692e  FDCPA §809(a)*
### *COUNT 1 VIOLATIONS: $1,000*
### *PLAINTIFF DEMANDS JUDGMENT FOR $1000.00*

*COUNT 2*

### *PURSUANT TO VIOLATION OF 15 USC §1692  FDCPA §809(a)*
### *DEFENDANTS FAILED TO VALIDATE ANY ALLEGED DEBT.*
### *PLAINTIFF DEMANDS JUDGMENT FOR $1000.00*
### *FROM DEFENDANT, SYNERGETIC COMMUNICATIONS, INC.*

**The Law: Section§809(a). Validation of debts.**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

16

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Plaintiff filed a validation letter and/or letter of dispute with the Co-Defendants.*

*Defendants and Co-Defendants are required to perform an investigation.*

*Plaintiff disputed the alleged debt and demanded debt validation by writing on or about*

*September 20, 2010, which letter was received, US Postal Certified Mail #7008 1830 0004*

*5221 7767 (See Exhibit A), by Co-Defendant SYNERGETIC COMMUNICATIONS,*

*INC. on January 27, 2010.*

*DEFENDANT FAILED TO FURNISH PLAINTIFF WITH A WRITTEN NOTICE*

*CONTAINING THE ELEMENTS OF SECTION §809(a) VALIDATION OF DEBTS.*

*NEITHER DID CO-DEFENDANT, AT ANY TIME, FURNISH PLAINTIFF WITH*

*COMPETENT LEGAL VALIDATION OR PROOF OF ANY DEBT.*

*PURSUANT TO VIOLATION OF 15 USC §1692  FDCPA §809(a)*
*COUNT 2 VIOLATIONS:  $1000.00*
*PLAINTIFF DEMANDS JUDGMENT FOR $1000.00*

## COUNT 1

## AGAINST CO-DEFENDANT(S), GMAC, INC. a/k/a ALLY FINANCIAL, INC.
## Under FCRA:  Civil liability for willful noncompliance [15 U.S.C. § 1681n]
**The Law:**

(a) In general. Any person who **willfully** fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under

17

false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Civil liability for knowing noncompliance. Any person who obtains a consumer reportfrom a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.

(c) Attorney's fees. Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper. As a result of defendants' willful failure to comply with the FCRA, Co-defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

Plaintiff restates and reiterates herein all previous paragraphs.

Plaintiff demands judgment in the amount of $45,000. This is based on every month that the Defendant violated the FCRA (fifteen months) by willfully failing to comply with the requirements of the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus Co-Defendant(s) reported in. This is allowed for every month that the Defendant fails to comply with the FCRA and its regulations.

## COUNT 2

## AGAINST CO-DEFENDANTS, GMAC, INC. a/k/a ALLY FINANCIAL, INC.
## Under FCRA: Civil liability for willful noncompliance [15 U.S.C. § 1681o]
### The Law:

(a) In general. Any person who is negligent in failing to comply with any requirement

18

imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

Plaintiff demands judgment in the amount of $45,000. This is based on every month that the Defendant violated the FCRA (fifteen months) by negligently failing to comply with the requirements imposed under the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus. This is allowed for every month that the Defendant fails to comply with the FCRA and its regulations.

## COUNT 3

## AGAINST CO-DEFENDANTS, GMAC, INC. a/k/a ALLY FINANCIAL, INC.
## Under FCRA: Reporting erroneous and inaccurate information

The Plaintiff has disputed with the Co-Defendant and all three credit reporting agencies in the same time frame and the Co-Defendant(s) has not complied with the FCRA. The Defendant has damaged the Plaintiff's credit score, credit report, and Plaintiff's character.

**The Law:**

## According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies:

(a)Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not

19

furnish information relating to a consumer to any consumer-reporting agency if

### (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate: and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) **Duty to provide notice of dispute**. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681 i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer

reporting agency, before the expiration of the period under section 611 (a)(1) [§ 1681 i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

Plaintiff demands judgment in the amount of $45,000. This is based on every month that the Co-Defendant(s) violated the FCRA (fifteen months) by reporting erroneous and inaccurate information, times $1000.00, times three for each of the three national credit reporting bureaus. This is allowed for every month that the Co-Defendant(s) fails to update the report by marking the alleged account in dispute.

## COUNT 4

## AGAINST CO-DEFENDANTS, GMAC, INC. a/k/a ALLY FINANCIAL, INC.
## Failure to mark the account in dispute

The Co-Defendant(s) GMAC, INC. a/k/a ALLY FINANCIAL, INC. has failed to indicate that the Plaintiffs credit report is in dispute in the Plaintiffs three credit reports as the Defendant has not provided proof of any alleged account from February 2010 and through today in all three credit reporting bureaus. Defendant has failed to indicate that the alleged account is in dispute.

**The Law:**

**According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies**

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

21

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

**(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.**

The Plaintiff's credit reports from Experian, Trans Union, and Equifax do not reflect that the information is disputed by the consumer even though the Plaintiff has sent a letter of dispute to the Co-Defendant and to date, the Co-Defendant has not responded. Plaintiff demands judgment in the amount of $45,000. This is based on every month (fifteen months) the Co-Defendant(s) has failed to mark the account in dispute times $1000.00 per violation, times all three national credit bureaus. The Co-Defendant(s) has violated the FCRA by updating the reports each month without marking the alleged account in dispute.

## COUNT 5
**AGAINST CO-DEFENDANTS, GMAC, INC. a/k/a ALLY FINANCIAL, INC. Under FCRA: §615. Requirements on users of consumer reports *15 U.S.C. §1681m(G)***
**The Law:**

(2) upon request of the consumer to whom the debt purportedly relates, provide to the consumer all information to which the consumer would otherwise be entitled if the consumer were not a victim of identity theft, but wished to dispute the debt under provisions of law applicable to that person.

Plaintiff demands judgment in the amount of $1,356,000.00. This is based on every day (452 days) that the Defendant violated the FCRA in Plaintiffs credit reports (fifteen months through today) by willfully failing to comply with the requirements of the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus. This is allowed for every day that the Co-Defendant(s) fails to comply with the FCRA and its regulations.

## Summation

According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n](a) In general. Any person who willfully fails to comply with *any requirement* imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Plaintiff has a negatively impacted credit score as of this date and has been denied credit and/or denied credit at reasonable rates because of the willful noncompliance and negligent actions of erroneous and inaccurate reporting and/or inactions of the Defendant and Co-Defendants. Due to the willful and continued harassment of unfounded

23

collection activity, oppression and abuse on the part of the Defendants and Co-

Defendants, all in violation of FDCPA and FCRA 15 U.S.C, and all in the absence of any

proof or validation, Plaintiff has incurred and continues to incur much physical and

emotional damage, distress and suffering, as well as financial cost to conduct all

necessary activities in the defense of her due process.

**WHEREFORE, the Defendants have violated the provisions of the Fair Debt
Collection Practices Act, Plaintiff demands judgment from Defendant,
SHECHTMAN HALPERIN SAVAGE, LLP in the amount of $5,000.00, plus all
costs of this action along with punitive damages in the amount of $50,000.00 for
their violations of FDCPA, and any other damages the court deems permissible.**

**WHEREFORE, the Co-Defendants, SYNERGETIC COMMUNICATIONS,
INC have violated the provisions of the Fair Debt Collection Practices Act, Plaintiff
demands judgment from Co-Defendant, SYNERGETIC COMMUNICATIONS,
INC in the amount of $2,000.00, plus all costs of this action along with punitive
damages in the amount of $50,000.00 for their violations of FDCPA, and any other
damages the court deems permissible.**

Plaintiff has disputed the alleged accounts with the Co-Defendant and the Credit

Reporting Agencies in a timely manner.  And therefore the Co-Defendant(s) is now

reporting erroneous and inaccurate information on the Plaintiff's credit reports and the

Co-Defendant has failed to provide proof of the account as requested by the Plaintiff.

24

The Plaintiff now has a negatively impacted credit score as of this date and has been denied credit and/or denied credit at reasonable rates because of the willful noncompliance and negligent actions of erroneous and inaccurate reporting and/or inactions of the Co-Defendant(s). Co-Defendant(s) has not only violated the Plaintiff's civil rights but damaged the Plaintiff both monetarily and emotionally.

**WHEREFORE, the Co-Defendant(s) GMAC, INC. a/k/a ALLY FINANCIAL, INC. has violated the provisions of the Fair Credit Reporting Act, Plaintiff demands Judgment in the amount of $180,000.00 plus all costs of this action along with punitive damages in the amount of $50,000.00, for their violations of FCRA, and any other damages the court deems permissible.**

*Trial by Jury Demanded*

Respectfully submitted this ___19th___ day of May, 2011.

Sonja Hahnel
24 Rose Street
Baltic, Connecticut  06330
(860) 949-8194

25

SHECHTMAN HALPERIN SAVAGE, LLP
1080 Main Street
Pawtucket, RI   02860

GMAC, INC a/k/a ALLY FINANCIAL, INC
Michael A. Carpenter, CEO
200 Renaissance Center
Detroit, Michigan   48265-2000

SYNERGETIC COMMUNICATIONS, INC
5450 N.W. Central #1000
Houston, TX 77092

# EXHIBIT
# A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GmAC
PO Box 380902
Bloomington, MN
55438

2. Article Number
7008 1830 0004 5221 7750
(Transfer from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes  ☐ No
If YES, enter delivery address below:

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Shechtman Halperin Savage, LLC
1080 Main St
Pawtucket, RI
02860

2. Article Number
7009 2820 0001 0315 5102
(Transfer from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes  ☐ No
If YES, enter delivery address below:

SEP    2010

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Delivery
GmAC letter of dispute

 **UNITED STATES POSTAL SERVICE.**

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7008 1830 0004 5221 7750**
Status: **Delivered**

Your item was delivered at 6:54 am on February 01, 2010 in
MINNEAPOLIS, MN 55438. A proof of delivery record may be available
through your local Post Office for a fee.

Additional information for this item is stored in files offline.

*Restore Offline Details >*  (?)    *Return to USPS.com Home >*

**Track & Confirm**

Enter Label/Receipt Number.

*Go >*

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA


**UNITED STATES**
**POSTAL SERVICE**®

*Delivery*
*Letter demanding validation*
*from Shechtman Halperin Savage*

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: **7009 2820 0001 0315 5102**
Status: **Delivered**

Your item was delivered at 9:57 am on September 23, 2010 in
PAWTUCKET, RI 02860. A proof of delivery record may be available
through your local Post Office for a fee.

Additional information for this item is stored in files offline.

*Restore Offline Details >* ⑦    *Return to USPS.com Home >*

**Track & Confirm**

Enter Label/Receipt Number.

*Go >*

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

# EXHIBIT
# B

Delivery
Letter demanding validation
from Synergetic Communications, Inc


**UNITED STATES**
**POSTAL SERVICE®**

Home | Help | Sign In

**Track & Confirm**     **FAQs**

# Track & Confirm

### Search Results

Label/Receipt Number: **7008 1830 0004 5222 3256**
Class: **First-Class Mail®**
Service(s): **Certified Mail™**
        **Return Receipt**
Status: **Delivered**

Your item was delivered at 12:26 PM on February 8, 2010 in HOUSTON,
TX 77092.

Detailed Results:

• **Delivered, February 08, 2010, 12:26 pm, HOUSTON, TX 77092**
• **Arrival at Unit, February 06, 2010, 6:51 am, HOUSTON, TX 77018**
• **Acceptance, February 04, 2010, 2:41 pm, NORWICH, CT 06360**

Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email.   *Go >*

Track & Confirm

Enter Label/Receipt Number.

*Go >*

---

**Site Map**   **Customer Service**   **Forms**   **Gov't Services**   **Careers**   **Privacy Policy**   **Terms of Use**   **Business Customer Gateway**

**Copyright© 2010 USPS. All Rights Reserved.**   No FEAR Act EEO Data   **FOIA**